**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHEIKH GNINGUE,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **NO. 5:26-cv-00015-TES-CHW** |
| **V.** | : | |
| | : | |
| **WARDEN PHILLIPS** | : | |
| **STATE PRISON,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## ORDER & RECOMMENDATION

*Pro se* Petitioner Cheikh Gningue, a prisoner in Phillips State Prison in Buford, Georgia, has filed a 28 U.S.C. § 2254 petition challenging his October 22, 2016, conviction in the Houston County Superior Court.[1]   ECF No. 1.   He has also filed a motion to appoint counsel, a motion for transfer, and a motion to supplement his petition.   ECF Nos. 5-7. Petitioner's filings are addressed in turn below.

I.   Filing Fee

As an initial matter, Petitioner has not either paid the $5.00 filing fee for this case or moved to proceed *in forma pauperis* ("IFP").   Petitioner is, therefore, **ORDERED** to either pay the $5.00 filing fee or move to proceed *in forma pauperis* by filing "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner

---

[1] Petitioner originally filed this petition in the Northern District of Georgia, which transferred the case to this Court.

has in any account in the [prison]."   Habeas Corpus R. 3(a)(2).   Petitioner shall have **FOURTEEN (14) DAYS** to comply with this Order and his failure to do so may result in dismissal of this action.

> II.    Appointment of Counsel

In his motion for appointment of counsel, Petitioner asserts that he is indigent and has been victimized in the criminal case against him.   ECF No. 5 at 1.   Petitioner contends that his case needs to be investigated, including comparing the transcripts of the trial to a video recording.   *Id.*   He also states that he acted in self-defense, that the trial judge "got the jury's cell phone numbers after they hung," and that the district attorney "mandated that the jury find [him] guilty because of other open charges" and to send a message to other members of the community.   *Id.*

Generally, there is no right to legal representation in a federal habeas corpus proceeding.   *Wright v. West*, 505 U.S. 277, 293 (1992).   Appointment of counsel is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required.   *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c).   Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief.   *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994).   The Court is not yet able to determine whether counsel needs to be appointed in this case.   Therefore, Petitioner's motion is **DENIED**.   If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

III.    Transfer or Release

As to the motion for transfer, Petitioner states that Phillips State Prison is dangerous and that he has been assaulted multiple times. ECF No. 6 at 1. Petitioner asks to be released from Phillips State Prison or to be transferred to the Houston County Detention Center. *Id.* Petitioner also contends that he should be released because of the "outrageous government conduct where the trial court fabricated the record." *Id.* Thus, Petitioner is seeking injunctive relief requiring his transfer or release.

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2]  Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

At this stage, Petitioner's assertions regarding the conditions in Phillips State Prison are not related to the basis for his habeas corpus petition and would be more appropriately raised separately in a 42 U.S.C. § 1983 civil rights complaint. Moreover, to the extent that

---

[2]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

he asserts that the trial court engaged in "outrageous conduct" during his criminal trial, the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Petitioner will ultimately prevail on the merits. Likewise, at this stage of the proceeding, Petitioner's filings do not establish that any of the other factors weigh in favor of granting injunctive relief. Thus, it is **RECOMMENDED** that this motion (ECF No. 6) be **DENIED**.

IV.    Supplement

Finally, Petitioner has filed a motion to supplement his petition to raise additional grounds for relief. ECF No. 7. This motion is **GRANTED**. If this case proceeds to a review of the merits of Petitioner's claims, the Court will consider the supplemental claims as part of the writ petition.

V.    Conclusion

Therefore, as set forth above, Petitioner is **ORDERED** to either pay the $5.00 filing fee or move to proceed *in forma pauperis*. Petitioner shall have **FOURTEEN (14) DAYS** to comply with this order. Additionally, Petitioner's motion for appointment of counsel (ECF No. 5) is **DENIED**, and it is **RECOMMENDED** that his motion for transfer or release (ECF No. 6) be **DENIED**. Petitioner's motion to supplement the petition (ECF No. 7) is **GRANTED**.

Also, Petitioner must keep the Court informed of any address change and his failure to do so may result in dismissal of his action. The clerk is **DIRECTED** to forward Petitioner a motion to proceed *in forma pauperis* along with his service copy of this order (with the civil action number showing on both).

4

VI.    Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 24th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge